```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                        EASTERN DIVISION

EDWARD D. WELLS                                       PLAINTIFF

VERSUS                              CIVIL ACTION NO. 4:06cv87TSL-JCS

DALE CASKEY, Warden;
MR. HERRERA, Assistant Warden;
DR. DUDLEY, Psychiatrist;
DR. MOORE, Mental Health Consultant; and
M. MOORE                                              DEFENDANTS
```

## OPINION AND ORDER

This cause is before the court, sua sponte, for consideration of dismissal. The plaintiff Edward D. Wells, an inmate at the East Mississippi Correctional Facility, Meridian, Mississippi, has filed this complaint pursuant to 42 U.S.C. § 1983 against Dale Caskey, Warden; Mr. Herrera, Assistant Warden; Dr. Dudley, Psychiatrist; Dr. Moore, Mental Health Consultant; and
M. Moore. The plaintiff seeks as relief that all of his earned time be restored.

### Background

The plaintiff complains that on February 5, 2006, he was placed in administrative segregation after receiving two Rule Violation Reports (RVR). One of the RVRs charged the plaintiff with assault on staff. The other RVR charged the plaintiff with using abusive or obscene language. At the disciplinary hearing on February 9, 2006, the plaintiff was

found guilty of the charges. As a result, the plaintiff received as punishment a reduction in custody classification, the loss of his earned time (951 days) and the loss of various other privileges. The plaintiff states that one of the RVRs was written by Captain Collins who did not witness the alleged incident. Additionally, the plaintiff claims that Mr. Moore refused to review witness statements. The plaintiff further asserts that a thorough investigation and review of the statements would have demonstrated that the plaintiff was verbally and physically threatened by a correctional officer. Finally, the plaintiff argues that the medication he was taking for his anger was not effective. The plaintiff contends that the punishment he received was extremely disproportionate to the charges in the RVRs.

## Analysis

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings <u>in forma pauperis</u> and provides that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal -- (i) is frivolous[1] or malicious; (ii) fails to

---

[1] A case that is found to be legally frivolous is one that seeks to assert a "right" or address a "wrong" clearly not recognized by federal law. <u>See</u>, e.g., <u>Neitzke v. Williams</u>, 490 U.S. 319 (1989).

state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Since the plaintiff was granted in forma pauperis status, Section 1915(e)(2) applies to the instant case. As discussed below, the plaintiff cannot maintain this action pursuant to 42 U.S.C. § 1983.

Initially, this court must decide whether the plaintiff should pursue this matter as a request for habeas corpus relief or as a civil rights action pursuant to 42 U.S.C. § 1983. Section 1983 is an appropriate legal vehicle to attack unconstitutional prison procedures or conditions of confinement. Carson v. Johnson, 112 F.3d 818, 820 (5th Cir. 1997) (citing Cook v. Texas Dept. of Crim. Just. Planning Dept., 37 F.3d 166, 168 (5th Cir. 1994)). The plaintiff must pursue claims that affect his eligibility for, or entitlement to, accelerated release through habeas corpus. Id. (citing Pugh v. Parish of St. Tammany, 875 F.2d 436, 439 (5th Cir. 1989)).

Having reviewed the complaint and response, this court has determined that if the plaintiff's claims are proven and this court grants the requested relief of restoring his good time credits, it could result in the plaintiff receiving an early release from custody. See Milam v. State, 578 So.2d 272, 274 (Miss. 1991) (The earned time program, also known as good-time

3

credit, provides that an offender may earn reductions in his sentence pursuant to MISS. CODE ANN. §§ 47-5-138 through -142 (1972), as amended).  With this in mind, this court has determined that the plaintiff must first pursue this cause by filing a petition for habeas corpus relief.  See Martinez v. Texas Court of Criminal Appeals, 292 F.3d 417, 421 (5th Cir. 2002)(citing Edwards v. Balisok, 520 U.S. 641, 648 (1997) (The United States Supreme Court "found that habeas corpus was the exclusive remedy for this claim [restoration of good-time] because the 'principal procedural defect complained of by the petitioners . . . would, if established, necessarily imply the invalidity of the deprivation of his good-time credits,' and, thus, necessarily imply a need for immediate or speedier release from prison.")).

   However, before the plaintiff can pursue this matter through habeas corpus in federal court, he is required to exhaust his available state remedies.  Preiser v. Rodriguez, 411 U.S. 475 (1973); Thomas v. Torres, 717 F.2d 248, 249 (5th Cir. 1983).  Since the plaintiff does not allege that he has presented this claim to the state courts of Mississippi, he has not yet satisfied the exhaustion requirement of 28 U.S.C. § 2254(b)(1)(A).  Therefore this complaint will not be liberally
construed as a petition for habeas corpus relief and will be

dismissed.

## Conclusion

As discussed above, the plaintiff's claim concerning the restoration of his good-time credits is habeas in nature and is not cognizable as a claim filed pursuant to 42 U.S.C. § 1983. Consequently, plaintiff's instant cause of action will be dismissed without prejudice as to the habeas claim and with prejudice as frivolous as to the § 1983 claim.

## Three-strikes provision

Since this case filed pursuant to 42 U.S.C. § 1983 is dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) of the Prison Litigation Reform Act, it will be counted as a "strike". See 28 U.S.C. § 1915(g). If the plaintiff receives "three strikes" he will be denied in forma pauperis status and will be required to pay the full filing fee to file a civil action or appeal

A final judgment in accordance with this opinion and order will be entered.

SO ORDERED, this the 25th day of September, 2006.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE